# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **KILEY ARNEZ CARTER,** *Plaintiff*, v. **UNITED STATES d/b/a/ State of Georgia, et al.,** *Defendants*. | **CIVIL ACTION NO. 3:25-cv-00010-TES** |

## ORDER TO RECAST COMPLAINT

Plaintiff Kiley Arnez Carter filed this action on February 4, 2025, alleging various 42 U.S.C. § 1983 claims against numerous parties. *See generally* [Doc. 1]. Throughout the Complaint [Doc. 1], Plaintiff references a request for an emergency permanent protective injunction, the Americans with Disabilities Act, various Federal Rules of Civil Procedure and Evidence, and case citations. The Complaint, though, is missing any clear cause of action. In all, Plaintiff's Complaint falls woefully short of a properly plead action in federal court.

At a minimum, a plaintiff must draft his complaint to comply with the Federal Rules of Civil Procedure's pleading requirements. The Court reviews the sufficiency of Plaintiff's Complaint under Rules 8(a)(2) and Rule 10(b), which work together to serve at least two critical functions. These rules require a plaintiff to "present his claims

discretely and succinctly, so that . . . his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520 (11th Cir. 1985)). They also allow courts to "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted . . . ." *Id.*

Rule 8(a)(2) requires a plaintiff to draft his complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8 does not require detailed factual allegations, it requires Plaintiff to provide more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, for a plaintiff to clear this hurdle, his complaint must make "either direct or inferential allegations respecting all *material* elements of a cause of action." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).

Similarly, Rule 10(b) requires a plaintiff to draft his complaint to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Furthermore, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

Given the importance of these pleading requirements, "complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun

pleadings.'" *Weiland*, 792 F.3d at 1320. "[C]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). In fact, tolerating a shotgun pleading is akin to "tolerat[ing] obstruction of justice." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). Because a district court suffers serious ramifications if it doesn't require a plaintiff to follow the most basic pleading requirements,[1] a district court has a "supervisory obligation" to direct a plaintiff to better plead his complaint in a manner that complies with federal pleadings requirements. *Hayden v. Wells Fargo Home Mortg.*, No. 1:10-CV-2153-CAP-ECS, 2010 WL 11647492, at *2 (N.D. Ga. Oct 29, 2010); *see Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (discussing shotgun pleadings as complaints that "fail[] to adequately link a cause of action to its factual predicates").

Thus far, the Eleventh Circuit Court of Appeals has identified four types of "shotgun pleadings." *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019). Such complaints are characterized by:

> (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or

---

[1] *See, e.g.*, *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."); *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard.")).

claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Id.* However, "the unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. The inherent issue with shotgun pleadings is that they require the district court, as well as all named defendants, to "cull through [all factual] allegations, identify the claims, and, as to each claim identified, select the allegations that appear to be germane to the claims." *Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011).

It is true that Federal Rule of Civil Procedure 8 does not require the use of formal language or legalese or require a party (let alone a non-attorney, pro se party) to cite any specific statute or case law to state a claim. Fed. R. Civ. P. 8. But, a pro se plaintiff is required to conform to the Federal Rules of Civil Procedure. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)) ("And although we are to give liberal construction to the pleadings of pro se litigants, 'we nevertheless have required them to conform to procedural rules.'"). That includes Rule 8's command that for a pleading to state a claim for relief, it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Accordingly, the Court **ORDERS** Plaintiff to **RECAST** his Complaint to include factual allegations to support each of his claims. To aid in his drafting, the Court trusts that answers to the following questions may provide some guidance. When recasting his statement of claims, Plaintiff must clearly identify those ***individuals***[2] or ***entities*** he wishes to include as named defendants (by name, position, if possible, and where the individual is employed) and then, under each name, list numbered responses to the following:

(1) What did this defendant do (or not do) to violate your rights?

(2) When and where did each action occur (to the extent memory allows)?

(3) How were you injured as a result of this defendant's actions or decisions?

(4) What relief do you seek as to this defendant?

The Court notes that a recast complaint takes the place of and supersedes the original complaint. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment[] and is no longer a part of the pleader's averments against his adversary."). Thus, the Court will look *only* to the contents of Plaintiff's recast complaint when reviewing his claims. To ensure a clear record, any

---

[2] Plaintiff lists the following as Defendants: the United States d/b/a State of Georgia, the Head Sheriffs, Chief Clerks of Court, Chief Superior Court Judges, Chief Probate Judges, Tax Commissioners, District Attorney Offices d/b/a 5 of 159 counties. [Doc. 1, p. 1]. However, these are largely not actual entities subject to suit under § 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that a § 1983 defendant must be an entity or individual capable of being subject to suit).

documents filed along with Plaintiff's original Complaint must be refiled with his recast complaint.

**Plaintiff's recast complaint must be filed by February 19, 2025.** Failure to fully and timely comply with this order **will** result in the dismissal of Plaintiff's case without further warning from the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 5th day of February, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**