IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| KILEY ARNEZ CARTER,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES d/b/a/ State of Georgia, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>3:25-cv-00010-TES |

**ORDER**

Plaintiff Kiley Arnez Carter filed this action on February 4, 2025, alleging various 42 U.S.C. § 1983 claims against numerous parties. *See generally* [Doc. 1]. Throughout his Complaint [Doc. 1], Plaintiff referenced a request for an emergency protective injunction, the Americans with Disabilities Act, various Federal Rules of Civil Procedure and Evidence, and case citations. After reviewing Plaintiff's Complaint, the Court found it was missing any clear cause of action and ultimately fell woefully short of a properly plead action in federal court. [Doc. 2, p. 1]. Accordingly, the Court ordered Plaintiff to file a recast pleading. [*Id.*].

On February 20, 2025, Plaintiff filed his Recast Complaint [Doc. 3], alleging 42 U.S.C. § 1983 claims against the United States d/b/a State of Georgia, and Walton County Sheriff Keith Brooks. [Doc. 3, pp. 1–2]. In that Recast Complaint, Plaintiff alleges

that on January 31, 2025, "Monroe City Georgia Police Department" officers arrested him for an outstanding failure to appear warrant. [*Id.* at p. 2]. Plaintiff contends that the officers handcuffed him too tightly, which caused a "visible change in his demeanor" leading the officers to call an ambulance. [*Id.*]. After "testing" Plaintiff, Piedmont Newton Hospital released him "in care of the Walton County, GA, Jail, where Keith Brooks is the Sheriff." [*Id.*]. There, Plaintiff claims officers placed him in isolation in an "extremely cold, cold cell for twelve (12) hours." [*Id.*]. Later, after being photographed and fingerprinted, officers returned Plaintiff to that same "cold, cold cell" for eight hours until his release. [*Id.*].

On March 3, 2025, Plaintiff filed a pleading entitled "Motion for Recast Emergency Travel Injunction for Violations of Civil Rights Under 42 U.S.C. § 1983" [Doc. 4]. That Motion, however, fails to include any of the prerequisites for injunctive relief. Generally, to obtain injunctive relief, a plaintiff must show:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003).

Here, Plaintiff does not clearly allege the basis for his requests for injunctive relief. Indeed, Plaintiff's primary claim is based on his treatment at the Walton County

2

Jail. [Doc. 3, p. 2]. But, in Plaintiff's injunctive-relief request, he seeks an order recognizing him as "Indigenous [moor-dark skinned] [creek Indian], [Georgian]." [Doc. 4, p. 3 (brackets in original)]. Further, Plaintiff seeks a "Federal Perpetual ADA Protective Restraining Injunction" to ensure that public officials are "held accountable for their actions." [*Id.*]. However, Plaintiff's Motion fails to show the necessity of the "extraordinary and drastic remedy" of an injunction. *Moore v. Dooly SP Warden*, No. 22-10453, 2023 WL 5927138, at *7 (11th Cir. Sept. 12, 2023).

To be sure, Plaintiff does not clearly allege any ADA violations—especially none that are "ongoing" in nature. *Maisonet v. Comm'r, Ala. Dep't of Corr.*, No. 22-10023, 2022 WL 4283560, at *2 (11th Cir. Sept. 16, 2022). Even more, Plaintiff does not clearly tie these injunctive-relief requests to the specific named Defendants in this case. Finally, Federal Rules of Civil Procedure 65 requires notice to the opposing party before a court may issue an injunction. *See* Fed. R. Civ. P. 65(a)(1). There is no evidence on the record showing that Plaintiff served any Defendant with his Recast Complaint or his injunctive-relief Motion. Therefore, at this stage, the Court may not issue injunctive relief.

In sum, the Court **DENIES** Plaintiff's Motion for Recast Emergency Travel Injunction for Violations of Civil Rights Under 42 U.S.C. § 1983 [Doc. 4]. The Court reminds Plaintiff that he is required to serve Defendants pursuant to Federal Rule of Civil Procedure 4. Failure to timely serve each Defendant according to Rule 4's

requirements will result in the dismissal of Plaintiff's case.

**SO ORDERED**, this 10th day of March, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
