# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **KILEY ARNEZ CARTER,**<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED STATES, d/b/a State of Georgia,** *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**3:25-cv-0010-TES** |

# ORDER

Plaintiff Kiley Carter filed this action on February 4, 2025. [Doc. 1]. As the Court explained in its prior Order [Doc. 7], under Federal Rule of Civil Procedure 4, a plaintiff must serve each defendant with a copy of the summons and complaint within 90 days of filing suit, unless the defendant waives service. *See* Fed. R. Civ. P. 4(c), (d), (m). If a plaintiff fails to timely perfect service of process, a court—on its own initiative after giving notice to the plaintiff or upon a motion by a defendant—must either dismiss without prejudice the claims against all non-served defendants or extend the time for serving process. Fed. R. Civ. P. 4(m).

Because Plaintiff filed the Complaint on February 4, 2025, his deadline to serve Defendants passed on May 5, 2024. *See* [Doc. 1]. Accordingly, the Court ordered Plaintiff to show cause why his case should not be dismissed due to his lack of service.

The Court specifically warned that "Failure to fully and timely comply with this Order will result in the immediate dismissal of Plaintiff's Complaint pursuant to Rule 4(m) and/or Rule 41(b) of the Federal Rules of Civil Procedure. No further warnings will be provided." [Doc. 7, p. 2].

Plaintiff did not file any proof of service[1] or satisfactory response to the Court's show-cause Order. Therefore, the Court **DISMISSES** Plaintiff's action for lack of sufficient service pursuant to Rule 4(m). The Clerk of Court is **DIRECTED** to **ENTER** Judgment accordingly.

**SO ORDERED**, this 21st day of May, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Plaintiff's alleged proof of service via mail is insufficient because parties cannot "effect valid service of process under either federal or Georgia law by serving Defendants via mail." *Hull v. Hull*, No. 4:14-CV-0162-HLM, 2014 WL 12703566, at *4 (N.D. Ga. Sept. 3, 2014). Accordingly, Plaintiff's Motion for Recast Showing Cause [Doc. 8] is **DENIED as moot**.